# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA NORTHERN DIVISION (SELMA)

| | |
|---|---|
| JONI D. HARRIS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO.: |
| | ) |
| INTERNATIONAL PAPER COMPANY, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

**Preliminary Statement:**

**COMES NOW** Plaintiff Joni D. Harris ("Plaintiff" or "Harris"), by and through undersigned counsel, and brings this action to redress the unlawful discrimination of her employer, Defendant International Paper Company.

### I.    Parties:

1. Plaintiff is an individual resident citizen of the United States residing in State of Alabama and has been at the material times referred to herein.

2. Defendant International Paper Company ("IP") is a corporation organized and existing under the laws of the State of New York with its principal offices in Memphis, Tennessee. At the times material to this action, Defendant IP owned and operated the Pine Hill Containerboard Mill (the "Pine Hill Mill" or

"Mill"), a manufacturing facility located 7600 Highway 10 W., Pine Hill, Wilcox County, Alabama.

3. At the material times referred to herein, Plaintiff was employed at the Pine Hill Mill facility as an "Environmental Engineer IV," and worked in the Mill's Environmental, Health and Safety Department ("EHS Department").

4. At the material times referred to herein, Plaintiff was an "employee" of IP within the meaning of the Equal Pay Act (*see* 29 U.S.C. §203(e)(1)), Title VII (*see* 42 U.S.C. §2000e (f)), and the Age Discrimination in Employment Act of 1967 (*see* 29 U.S.C. §630 (f)).

5. At the material times referred to herein, Defendant IP was engaged in an industry affecting commerce and employed has employed the requisite number of employees to qualify as an "employer" within the meaning of 29 U.S.C. §203(d), 42 U.S.C. §2000e (b) and/or 29 U.S.C. §630 (b).

**II.    Jurisdiction and Venue:**

6. This Court has personal jurisdiction over the Defendant IP. IP does business in Alabama by agent, has sufficient contact with Alabama through, among other things, its ownership and operation of the Pine Hill Mill, and the acts, conduct and/or omissions of IP complained of herein were directed towards Plaintiff and caused her to suffer injury and damage in Alabama.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 ("Federal Question") because Plaintiff seeks relief arising under the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963, 29

U.S.C. §206(d) *et seq*. ("EPA"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and the Lilly Ledbetter Fair Pay Act of 2009 ("FPA"), 42 U.S.C. §2000e *et seq*., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981").

8. The Court may exercise supplemental subject matter jurisdiction over state law claims Plaintiff may assert in the future (if any) pursuant to 28 U.S.C. §1367.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391. IP maintains offices and regularly conducts business in this district, a substantial part of the events and omissions which give rise to the claims alleged occurred in this district and records relevant to the events and omissions are maintained and administered in this district.

### III. Exhaustion of Administrative Remedies

10. On May 9, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit "A," attached hereto.

11. Plaintiff's EEOC charge contends Plaintiff engaged in protected activity by filing a charge of discrimination with the EEOC on October 30, 2019, and by bringing and pursuing an action against Defendant IP, filed November 28, 2020, seeking relief under the Equal Pay Act, Title VII, the Lilly Ledbetter Fair Pay Act of 2009, the Age Discrimination in Employment Act of 1967, and the

Civil Rights Act of 1866 (Section 1981), and contends that Defendant IP retaliated against Plaintiff for engaging in protected activity by terminating her employment on February 17, 2022.

12. The EEOC has issued a "Dismissal and Notice of Rights" letter pertaining to Plaintiff's May 9, 2022 charge, which is dated June 7, 2024. *See* "Exhibit B," attached hereto.

13. Plaintiff has exhausted all administrative remedies and satisfied all statutory prerequisites applicable to her claims for relief.

14. Plaintiff's action is timely filed within 90 days of her receipt of the EEOC's "Dismissal and Notice of Rights" letter, as set forth within 29 U. S. C. § 626(e) and 42 U.S.C. §2000(e)-5(f)(1).

**IV.     Factual Allegations:**

15. Plaintiff is an African American female who was over the age of forty (40) (D/O/B: 1971) when she engaged in the protected activity described herein.

16. Plaintiff became an employee of Defendant IP in 2008, when IP acquired and began operating the Pine Hill Mill.

17. During Plaintiff's employment with IP, she held the job title and performed the job duties of "Environmental Engineer IV" in the Environmental, Health and Safety Department ("EHS") of the Pine Hill Mill.

18. Plaintiff was continuously employed by IP from 2008 through February 17, 2022.

19. Plaintiff was hired at the Pine Hill Mill in January of 1998, when the Pine Hill Mill was owned and operated by MacMillan Bloedel, Inc., and she continued working at the Pine Hill Mill as an employee of Weyerhaeuser, Inc. ("Weyerhaeuser") from 1999 through 2008, after Weyerhaeuser acquired the Mill.

20. At the time of her involuntary termination from employment by Defendant, Plaintiff had worked at the Pine Hill Mill a total of 24 years.

21. Plaintiff was qualified for her position in that she had earned her Bachelor of Science in biology in 1994 and earned her Master of Science in Environmental Science in 1997.

22. On October 30, 2019, Plaintiff filed a Charge of Discrimination with the EEOC.

23. On November 28, 2020, Plaintiff filed an action in the United States District Court for the Southern District of Alabama, seeking relief under the Equal Pay Act, Title VII, the Lilly Ledbetter Fair Pay Act of 2009, the Age Discrimination in Employment Act of 1967, and the Civil Rights Act of 1866 (Section 1981).

24. On November 16, 2021, Defendant communicated to Plaintiff that her job performance was "unsatisfactory," and placed Plaintiff on a Performance Improvement Plan ("PIP").

25. Defendant IP's specific reasons for claiming that Plaintiff's job performance was unsatisfactory were false and/or fabricated for the improper

purpose of creating a pretext to retaliate against Plaintiff for engaging in protected activity.

26. On January 26, 2022, January 28, 2022, and February 4, 2022, Defendant IP took the deposition of Plaintiff, and during her deposition, Plaintiff offered testimony which opposed Defendant IP's employment practices, and among other things, contended that IP had paid Plaintiff wages which were less than the compensation received by employees who were white, male, and/or younger than Plaintiff, and that Plaintiff had greater experience, qualifications, and skills than the white, male, and/or younger employees who received higher compensation for performing the same work.

27. On February 17, 2022, Defendant IP involuntarily terminated Plaintiff's employment.

28. After Defendant IP placed Plaintiff on the PIP initiated on November 16, 2021, Plaintiff informed Defendant IP that the claimed specific deficiencies in her job performance were false, incorrect, and/or based upon errors, mistakes, or decisions made by other employees (including her manager or supervisor, and/or IP's decision-maker), but she nevertheless complied with the requirements of the PIP.

29. From November 16, 2021 through February 17, 2022, Plaintiff performed her job duties in a consistent and competent fashion, just as she had for the bulk of her long tenure (over 2 decades) at the Pine Hill Mill as an Environmental Engineer.

30. Over the course of her employment with IP before she engaged in the protected activity, Plaintiff performed her job with distinction, received favorable job performance reviews, and consistently was awarded merit raises based on her job performance.

31. IP fabricated the circumstances and reasons, and/or made the decision to terminate Plaintiff's employment based upon "poor performance," for the purpose of concealing and/or manufacturing a pretextual reason to justify or excuse its adverse employment action against Plaintiff and involuntary termination of Plaintiff's employment for the purpose of engaging in retaliation against Plaintiff for engaging in protected activity.

## PLAINTIFF'S CAUSE OF ACTION
### Retaliation

32. Plaintiff adopts and realleges each averment of material fact alleged in paragraphs 1-31 above.

33. IP engaged in retaliation against Plaintiff as a result of her actions and involvement and protected activities. Plaintiff's protected activities were motivated by her good faith belief that IP had illegally discriminated against her by, among other things, paying Plaintiff wages that were less than the compensation received by employees who were white, male, and/or younger than Plaintiff, who performed the same work and had less experience, qualifications, and responsibilities.

34. IP's retaliation against Plaintiff for engaging in protected activities occurred in violation of the EPA, Title VII, the ADEA, and Section 1981 of the Civil Rights Act of 1866, as amended.

35. Plaintiff avers that a *prima facie* case of retaliation is presented with respect to Defendant IP's involuntary termination of her employment based upon claimed deficiencies in her job performance, inasmuch as her skill and background demonstrates that she was qualified for her position, and her employment history demonstrates that she performed her job to IP's satisfaction for a significant period of time.

36. Plaintiff further avers that a *prima facie* case of retaliation is presented in that her involuntary termination occurred in close temporal proximity to her deposition testimony opposing IP's employment practices which she considered to be violations of the EPA, Title VII, the ADEA, and Section 1981 of the Civil Rights Act of 1866, as amended.

37. As a result of IP's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer harm including but not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

38. By reason of IP's retaliation, Plaintiff is entitled to all legal and equitable remedies available for violations of EPA, Title VII and the ADEA, including an award of nominal, liquidated and compensatory damages, an award

of punitive damages, an award of backpay, front pay, lost benefits, recovery of penalties, and other damages for lost compensation and job benefits.

39. Attorneys' fees should be awarded under the provisions of the EPA, Title VII and the ADEA.

Respectfully Submitted,

On Behalf of Plaintiff:  
James R. Morgan, P.C.  
1605 Richard Arrington Jr Blvd S  
Birmingham, Alabama 35205  
Telephone: (205) 918-0808  
E-Mail: Jim@JMorganPC.com

*s/James R. Morgan*  
James R. Morgan (asb-5774-n71j)

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY IN THIS CAUSE.**

*s/James R. Morgan*  
James R. Morgan

PLAINTIFF'S ADDRESS:  
Joni D. Harris  
c/o James R. Morgan, P.C.  
1605 Richard Arrington Jr Blvd S  
Birmingham, Alabama 35205

**DEFENDANTS ADDRESS FOR SERVICE VIA CERTIFIED MAIL AS FOLLOWS:**

International Paper Company  
c/o CT Corporation System  
2 North Jackson St, Suite 605  
Montgomery, AL 36104